Malcolm Segal (SBN 075481)
Emily E. Doringer (SBN 208727)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA 95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
edoringer@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant
JIAHERB, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. TRAVIS KIRO, <br><br> Plaintiff(s), <br><br> v. <br><br> JIAHERB, INC., <br><br> Defendant. | Case No: 2:14-CV-02484 RSWL (PLAx) <br><br> **JIAHERB'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> Final Pretrial: June 18, 2019 <br> Time: 10:00 a.m. <br> Judge: Hon. Ronald S.W. Lew <br> Courtroom: TBD <br><br> Action Filed: April 2, 2014 <br> Trial Date: July 9, 2019 |

-1-
Jiaherb's Memorandum of Contentions of Fact and Law

Pursuant to Local Rule 16-4 and the Court's Orders, Defendant Jiaherb, respectfully submits the following Memorandum of Contentions of Fact and Law.

## I. Summary of Parties' Claims and Defenses

This case presents an unusual procedural posture, in that the parties are contemplating potential factual and legal issues to be presented at trial, with a motion to amend the Complaint pending before the Court. In its opposition to the motion to amend, Jiaherb notes the prejudice inherent to a party being forced to prepare for a trial on unclear and undetermined claims. In the Complaint, Plaintiff Relator alleges that Jiaherb violated the False Claims Act, 31 U.S.C. § 3729 et seq, by knowingly misrepresenting the identity and value of imports to avoid paying proper duties. Plaintiff now seeks to amend the Complaint to allege substantively different claims related to the actions of Jiaherb's customs brokers. Jiaherb objects and opposes Plaintiff's request.

Jiaherb contends that it has not knowingly mislabeled any imported products, and Jiaherb should not be penalized for the actions and mistakes of its customs brokers or other actors. This case does not involve fraudulent invoicing or any attempts to avoid payments due to the government. Although Jiaherb acknowledges that mistakes have been made by its sellers, customs brokers, and third-party warehouses, Jiaherb denies underpaying duties on its imports. On Plaintiff's proposed amended claims, Jiaherb denies making any material misrepresentation regarding its relationship to its parent company. Should Plaintiff be granted leave to amend, Jiaherb will seek to obtain the deposition testimony of its customs brokers and related documents, and will secure expert testimony on import valuations, while the U.S. Attorney's Office undertakes its statutory investigation and determines whether to intervene.

Plaintiff has admitted Jiaherb made every effort to correctly label imported products once received and thereafter for the benefit of its customers. Jiaherb properly relied on its retained expert customs brokers to manage the technical

import procedures and documents. All parties agree that they were unaware of mistakes being made by Jiaherb's customs brokers regarding Plaintiff's proposed amended claim. No CBP representative or any customs broker asked Jiaherb for information regarding its relationship to the parent company, information readily available on its website, social media, marketing materials and other public documents. Jiaherb contends that any incorrect information regarding its relationship to its parent company did not result in the underpayment of any payments due to Customs authorities. Import records will establish that the prices paid for identical products, and the duties owed, were unaffected by whether or not the correct relationship information was listed on customs forms. Plaintiff cannot prove a knowing perpetration of a fraud on the government, or deliberate ignorance of such fraud, when the hired professional customs brokers who made the mistakes, were not aware of their own errors.

There were no false claims. Jiaherb did not act in reckless disregard. Plaintiffs' claims that import duties were underpaid are not supported by any admissible evidence. Plaintiff relies only on his testimony, because he can find no comfort in the documents. The value of that evidence is questionable, given that Plaintiff was a short-term sales employee with no job responsibilities connected to Jiaherb's import process. Plaintiff's does not have a working knowledge of Jiaherb's imported products, pricing, duties or other import processes or customs procedures. His proffered speculative, conclusory, and improper opinions are inadmissible and wholly lack credible. The facts do not support Plaintiff's alleged underpayment scheme. Jiaherb cannot be held liable under the False Claims Act for the innocent mistakes of others, unrelated to its payment obligations.

**II.**     **Defendant's Evidence in Opposition to Relator's Claims**

    **A.**     **Jiaherb's Import Process Did Not Violate the False Claims Act**

The evidence will show that:

(1) Jiaherb did not present (or cause to be presented) to an officer or employee of the Plaintiff governmental entity or agency;

(2) a claim for payment or approval that was false or fraudulent;

(3) Jiaherb did not act "knowingly," as defined in 31 U.S.C. § 3729(b);

(4) The allegedly false or fraudulent aspect of the claim was not "material," as defined in 31 U.S.C. § 3729(b), to the governmental decision-making body; and

(5) Jiaherb did not make or use (or cause to be made or used) a false record or statement in order to get a false or fraudulent claim paid or approved by the Plaintiff governmental agency;

(6) Jiaherb did not act "knowingly," as defined in 31 U.S.C. § 3729(b);

(7) Jiaherb did not make a false record or statement for the purpose of getting the false or fraudulent claim paid or approved by the Plaintiff; and

(8) There was no false or fraudulent claim and no false record or statement that were "material," as defined in 31 U.S.C. § 3729(b), to the governmental decision-making body.

31 USC 3729, et seq.

## B. Jiaherb Did Not Knowingly Mislabel Imports to Avoid Paying Higher Duties

Plaintiff has no evidence that Jiaherb knowingly made, or caused to be made, a false record, material to an obligation to pay, or knowingly concealed or improperly avoided an obligation to pay the government. 31 U.S.C. §3729(a)(1)(G). It is undisputed that during the relevant time period, imports were later relabeled for various reasons. At no time, however, did Jiaherb knowingly mislabel an import or otherwise seek to avoid paying higher duties on an item. During discovery, witnesses have testified that imports may have been relabeled for various reasons such as: damaged or ripped labels, incorrect labels, and requests from customers. No witness has described any fraudulent scheme to

-4-
Jiaherb's Memorandum of Contentions of Fact and Law

deprive the government of full payment of all duties. No witness has specified any particular instance where a known mislabeled product import resulted in underpayment of duties. In fact, the records and testimony will show that Plaintiff's factual assertions regarding product values and labeling are vastly incorrect. Any mistakes made by the exporting parent company or by Jiaherb's customs brokers are not indicative of a false claim scheme. Jiaherb has not underpaid duties for its imported goods.

Plaintiff's brief employment at Jiaherb provided him with no exposure to or experience with Plaintiff's inadmissible speculation and foundationless opinions are not competent evidence of an alleged scheme. Plaintiff admits he has no evidence of Jiaherb placing any false labels on imported goods. The thousands of business and import records produced in this case do not substantiate Plaintiff's broadly speculative claims about the operation of a scheme to undervalue imported products. Plaintiff has yet to demonstrate a specific, valid example of the alleged scheme operating in the manner he contends.

### C. Jiaherb Did Not Knowingly or Materially Misrepresent its Relationship to the Parent Company, Shaanxi Jiahe, on Customs Forms

Defendant Jiaherb was unfamiliar with Customs 7501 Forms until the current litigation. As a corollary, Jiaherb was forced to retain professional customs brokers to handle the contents and required responses of 7501 Forms. Per the testimony of Jiaherb employees and the declaration of Jiaherb's customs broker, there was no communication between Jiaherb and its Brokers concerning a response to the "Relationship" question on 7501 forms. Jiaherb's custom broker admits that it inadvertently made inconsistent responses to the "Relationship" question without any direction from Jiaherb, and without any relationship to products, prices or duties.

///

Plaintiff cannot prove a knowing perpetration of a fraud, a deliberate ignorance, or a reckless disregard of a fraud, when Jiaherb's hired professional customs brokers had no reason to suspect, and in fact did not suspect, any such fraud.  Plaintiff cannot prove the alternating declarations regarding the seller and importer relationship, made by Jiaherb's hired professional brokers, were part of any fraudulent scheme by Jiaherb to underpay or avoid payment of duties.  Third party mistakes on customs forms, not caused by Jiaherb or brought to its attention, are innocent mistakes that cannot form the basis of a False Claims Act violation. *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996) (Innocent mistakes, mere negligent misrepresentations and good faith differences in interpretations do not constitute knowing false statements under the False Claims Act statute.)  The mistaken information regarding entity relationship did not affect the prices paid for imported goods, or the duties owed, and are therefore minor or insubstantial.  *United States Health Services, Inc., v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2004 (2016).   The clerical errors on customs forms were not known to Jiaherb, and therefore could not form the basis of any "knowing" violation of any customs requirement, whether or not it was material to the government.  Id. at 1996.

Mistakes made by Jiaherb's hired customs brokers were not material to Jiaherb's obligations to pay money to the government.  31 U.S.C. §3729(b)(4). Unknown clerical errors by others on customs forms, by their very nature, are not material to any scheme to defraud.  Customs did not challenge Jiaherb's reporting despite contradicting relationship statements.  There is no evidence sufficient to prove by a preponderance of evidence that the inconsistent "relationship" response resulted in underpaid duties. The import records demonstrate no causal link between the "relationship" response on Customs 7501 forms and transaction prices or duties owed.  There is no evidence that duties were underpaid.

///

### III. Summary of Jiaherb's Claims and Affirmative Defenses

<u>First Affirmative Defense</u>: The facts alleged by Plaintiff do not constitute a claim for which relief may be sought. Fed. Rules Civ. Pro. R. 12.

The fact that Jiaherb's parent company at times exported products with labels that were occasionally changed does not suffice to state a claim that Jiaherb knowingly submitted a false claim to underpay import duties. 31 USC 3729, et seq.

<u>Third Affirmative Defense</u>: Plaintiffs are estopped by Plaintiff's own conduct from asserting any claim for legal or equitable relief against the Defendant. Fed. Rules Civ. Pro. R. 8(c); *Am. Int'l. Group, Inc. v. ACE INA Holdings, Inc.* 722 F. Supp 2d 948 (N.D. Ill 2010).

<u>Fourth Affirmative Defense</u>: Plaintiffs have waived any claim for legal or equitable relief against the Defendant. Fed. Rules Civ. Pro. R. 8(c).

<u>Fifth Affirmative Defense</u>: Plaintiffs' action on the proposed amended complaints is barred by the applicable statutes of limitation. Fed. Rules Civ. Pro. R. 8(c).

<u>Sixth Affirmative Defense</u>: Plaintiffs' claims are barred, in whole and/or in part, by the doctrine of unclean hands, Plaintiff actively participated in the same conduct he alleges. Fed. Rules Civ. Pro. R. 8(c).

<u>Seventh Affirmative Defense</u>: The Court may lack subject matter jurisdiction, including to the extent Plaintiffs' allegations and claims are based, in whole or in part, on publicly disclosed information of which Mr. Kiro is not an original source or concern matters not voluntarily disclosed by Plaintiffs to the applicable government authority prior to the filing of this action. 31 U.S.C. §3730(e)(4); See *Graham Cty. Soil & Water Conservation Dist. v, United States ex rel. Wilson*, 130 S. Ct. 1396, 1406-1407 (2010) (Public disclosure bar strikes balance between encouraging private persons to root out fraud and stifling parasitic lawsuits).

Plaintiff is not the original source of voluntarily disclosed information forming the basis of the action. *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 579 (Relator must provide "genuinely new and material" information.)

Eighth Affirmative Defense: Plaintiffs' claims are barred in whole or part, because acts or omissions of alleged wrongdoing or violations of law were committed by individuals acting ultra vires, outside the scope of their employment or authority, and/or in a manner inconsistent with Defendant's policy. *Bakst v. Cmty. Mem Health Sys.*, 2011 U.S. Dist. LEXIS 163192 (CD CA 2011).

Jiaherb is not liable for the innocent mistakes of its parent company, its customs brokers, or warehouse personnel, nor is it responsible for the actions of any agent operating independently and outside the clear scope of valid authority.

Ninth Affirmative Defense:  Plaintiffs' claims are barred in whole or in part, because acts or omission of other persons or entities, whether named or unnamed in the Complaint, over whom Defendants had no supervision or control and for whose actions and omissions Defendant has no legal responsibility, caused and/or contributed to the alleged damages. *Geurin v. Winston Indus.* 316 F.3d 879 (9th Cir. 2002).

Jiaherb is not liable for the innocent mistakes of customs brokers, warehouse personnel, or others, nor is it responsible for the actions of any agent operating independently and outside the clear scope of valid authority.

Tenth Affirmative Defense:  Plaintiffs' claims are barred, in whole or in part, because the conduct alleged in the Complaint is protected by applicable safe harbors and/or exclusions.  Fed. Rules Civ. Pro. R. 8(c).

Eleventh Affirmative Defense: Any damages and/or penalties Plaintiffs seek above and beyond actual damages, if any, allegedly sustained are in excess of those permitted by law, and violate the United States and applicable state constitutions, including the Due Process and Excessive Fines clauses.  U.S. Const. Amend. VIII.

<u>Twelfth Affirmative Defense</u>: As to Plaintiffs' currently unpled claims related to representations regarding entity relationship, Plaintiff Kiro lacks standing to bring these claims due to his failure to properly disclose and present the claims. 31 U.S.C. §3730(b).

To satisfy the procedural requirements for qui tam false claims actions, a Relator must first provide the Complaint and disclose substantially all material evidence related to the Complaint to the Government. The Government then has 60 days to decide whether to intervene. A plaintiff may proceed with the action only after the Government has completed its investigation and declined to intervene. The U.S. Attorney's office has not undertaken its statutory investigation of Plaintiff's substantively different claims and the defense has not been afforded adequate time to respond and prepare its case. 31 U.S.C. 3730(b)(1)-(4); *U.S. ex rel. Mikes v. Straus*, 853 F.Supp.115, 117 (S.D.N.Y 1994) (Qui Tam statute permits a party discovering fraud against the US to bring matter to attention of Attorney General, who may pursue a suit for the benefit of the U.S, and alternatively, if the Attorney General declines, the private party may proceed.)

## IV. **Anticipated Evidentiary Issues**

Jiaherb anticipates filing the following motions *in limine:* A motion challenging Plaintiff Travis Kiro's qualifications as an expert; a motion challenging the need for expert testimony regarding the contents of Jiaherb's business records relating to product imports; and a motion to exclude any testimony or evidence tending to unfairly prejudice Jiaherb through any implication that its parent company was more likely to have been involved in fraudulent activity simply due to the fact that the parent company is located in China; and any additional *in limine* motions on evidentiary issues that may arise pretrial. In addition, Plaintiff and his family members directly compete in the same market as Jiaherb. Plaintiff has declared that Jiaherb has accurately labeled its sales to its customers. If counsel do not agree that the parties and witnesses will not

introduce or refer to Jiaherb customer information, then Jiaherb will ask for an appropriate order to prevent Plaintiff's further unnecessary and harmful interference with Jiaherb's business relationships. Also, to the extent Plaintiff seeks to introduced as trial exhibits the entire set of documents produced in discovery, Jiaherb will seek in limine to appropriately limit exhibits to include only relevant, material, and admissible evidence.

**V.    Anticipated Issues of Law**

There are no other issues of law anticipated at this time and as the action is currently pled.

**VI.    Bifurcation of Issues**

Jiaherb does not believe that bifurcation is necessary at this time and as the action is currently pled.

**VII.    Jury Trial**

Relator has demanded a jury trial.

**VIII.    Materiality**

The issue of materiality is a question of fact for determination by the trier of fact.

**IX.    Scienter**

The issue of scienter is a question of fact for determination by the trier of fact.

**X.    Attorney's Fees**

Jiaherb has requested attorney's fees under the False Claims act pursuant to 31 U.S.C. §3730(g), which refers to 28 U.S.C. §2412(d). The Court shall award to the prevailing party fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in this civil action, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A).

///

**XI.  Abandonment of Issues**

Defendant Jiaherb is unaware of any currently pleaded claims or defenses which have been abandoned.

Dated: May 28, 2019            **SEGAL & ASSOCIATES, PC**


                               By:   /s/ John T. Kinn_____
                                     Malcolm Segal
                                     John T. Kinn
                                     Emily E. Doringer
                                     Attorneys for Defendant
                                     JIAHERB, INC