Malcolm Segal (SBN 075481)
Emily E. Doringer (SBN 208727)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA  95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
edoringer@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant
JIAHERB, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. TRAVIS KIRO,<br><br>Plaintiff(s),<br><br>v.<br><br>JIAHERB, INC.,<br><br>Defendant. | Case No:  2:14-CV-02484 RSWL (PLAx)<br><br>**JIAHERB'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**<br><br>Date:  July 9, 2019<br>Time:  9:00 a.m.<br>Judge: Hon. Ronald S.W. Lew<br>Courtroom:  6C<br>Action Filed: April 2, 2014<br>Trial Date: July 9, 2019 |

Defendant Jiaherb, Inc. opposes the motion in limine filed by Plaintiff and Relator Travis Kiro, including seven (7) separate motions.

## Procedural Background

Plaintiff, Travis Kiro, brings this action on behalf of himself in the name of the United States Government alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. Plaintiff filed the Original Complaint on April 2, 2014 (Dkt. 1). On October 14, 2016, the Government declined to intervene (Dkt. 22). The Original Complaint alleges a single scheme to defraud the United States through the mislabeling of imported products to avoid paying full customs duties owed thereon. Specifically, Plaintiff claims that the alleged scheme involved the importation of high-priced goods that were identified as much cheaper products. Duties were calculated and paid on the cheaper products and, once the products cleared customs, correct labels were placed on the product packages. Plaintiff alleges that this scheme resulted in the underpayment of duties, constituting a violation of the FCA. After abandoning his claim for underpayment of duties and any related damages, Plaintiff filed an application for leave to amend the Original Complaint to add a substantively different theory of liability (Dkt. 63). This Court has denied Plaintiff's application, leaving only the single theory of liability from the Original Complaint to be litigated at trial (Dkt. 91). Because of the unique procedural posture of this case, some in limine motions are no longer applicable.

**Plaintiff's Motion in Limine No. 1**

Defendants should be precluded from referring to or advising the jury about penalties under the False Claims Act.

The jury must determine whether any reverse false claim occurred, and Defendant does not oppose this motion to the extent Plaintiff does not refer, question, argue, or introduce testimony or other evidence regarding FCA penalties. However, Defendant reserves the right to request instructions advising the jury of penalties sought by Plaintiff in this action. Defendant also notes that

much of Plaintiff's argument is superfluous given the Court's denial of leave to amend and Plaintiff's repeated admission that he will not seek to prove any damages in this case.

**Plaintiff's Motion in Limine No. 2**

The Court should exclude all reference to the recovery of attorneys' fees and expenses under the FCA.

Defendant does not oppose this motion to the extent Plaintiff does not refer or attempt to refer, question, argue, or introduce testimony or other evidence regarding attorneys' fees, costs, or expenses.

**Plaintiff's Motion in Limine No. 3**

The Court should exclude evidence regarding any purported "Government' Knowledge" defense.

The Court has denied Plaintiff's motion for leave to file a first amended complaint, and Plaintiff must be precluded from referring or attempting to refer, question, argue, or introduce testimony or other evidence regarding alleged reports or statements regarding Defendant's relationship to its parent company. See e.g., Plaintiff Motion In Limine #3, at 8:14-26, 9:1-17.  Defendant opposes this motion to the extent the "government knowledge" defense relates to the question of scienter, as admitted by Plaintiff.  Id., at 6:24-7:1.  Without any notice of improper valuations, there is no evidence of such notice in this case, and without any other reason to believe its customs duty payments might have been reviewable, Defendant acted in good faith and had no reason to believe there was any need for further customs communications.

**Plaintiff's Motion in Limine No. 4**

Jiaherb should not be permitted to argue or introduce evidence that the Government has not intervened.

/ / /

/ / /

To the extent Plaintiff does not refer, question, argue, or introduce testimony or other evidence regarding Government disclosures, investigations, or interests, if any, Defendant does not oppose this motion.

**Plaintiff's Motion in Limine No. 5**

Defendants should be precluded from asserting equitable affirmative defenses.

Without specifying an affirmative defense or meeting the legal showing required by the single, non-FCA case cited, Plaintiff argues generally that Defendant should be stripped of any and all equitable affirmative defenses. *Unites States v. Sahakian*, 453 F.3d 905 (7th Cir. 2006). The Court should deny Plaintiff's plea that Jiaherb "be precluded from introducing any evidence or argument regarding 'these affirmative defenses,'" because Plaintiff fails to meet the legal standard set forth in his lone authority or any other authority.

**Plaintiff's Motion in Limine No. 6**

Defendants should be precluded from introducing prejudicial and irrelevant evidence about Travis Kiro.

Plaintiff's job performance and related matters are directly relevant to his background, knowledge, and bias as a testifying trial witness. Plaintiff filed and disclosed to the United States this FCA case with a single theory of liability nearly two years after he left his employment at Jiaherb, a sales job he held for less than seven months. Plaintiff's failed performance and resulting termination, combined with his theft of customer lists or other documents and immediate competition through his own company and his sister's more substantial company, are evidence of Plaintiff's bias, lack of credibility, and motive to harm Jiaherb's business. Plaintiff's Original Complaint, discovery responses, deposition testimony, and declaration opinions all demonstrate his actions have been undertaken without knowledge, experience, or unbiased pursuit of any alleged FCA violation. Rather, Plaintiff filed this action based on his financial interest in

minting and exaggerating his allegations and his primary purpose of harassing Defendant and harming Defendant's relationship with its customers.

"Proof of bias and financial interest are almost always relevant, because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *U.S. v. Abel*, 469 U.S. 45, 52 (1984). *See also Manual of Model Civil Jury Instructions*, Instruction 1.14, Credibility of Witnesses (Ninth Circuit 2017):

### 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth

about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

The jury must decide whether or not to believe Plaintiff and whether Plaintiff meets his burden of proving any fraudulent scheme to mislabel and undervalue imports in order evade customs duty payments knowingly participated in by Defendant. As the lone witness making this allegation, Plaintiff's credibility and veracity are central issues in this case and subject to challenge on cross-examination based on Plaintiff's opportunity to observe, manner, interest in the outcome, bias, prejudice, contradictions, and reasonableness, among other factors.

Plaintiff's authorities do not support his motion. *Singh* (motion to compel); *Feldman* ("because Relator will testify at trial, Defendants are permitted to 'raise to the jury any challenges to [his] credibility,'" at 15, "The motivation of a witness in testifying, including [his] possible self-interest and any bias or prejudice against the defendant, is one of the principal subjects for cross-examination." Id.) The court in *Feldman* found, "Relator's relationship with [Defendant] is admissible at trial as evidence of bias and for purposes of impeachment." Id.

Plaintiff's in limine motion seeks to preclude his proper cross-examination based on his job performance, self-interest, bias, prejudice, and other matters. The Court should deny this motion in limine.

**Plaintiff's Motion in Limine No. 7**

Jiaherb should be precluded from introducing self-serving evidence about its or its employees' charitable activities.

Defendant opposes this motion to the extent such evidence is admissible, including under the provisions of Federal Rules of Evidence, Rule 608.

For the reasons set forth, Defendant Jiaherb respectfully requests that the Court deny Plaintiff's motion in limine and the separate motions therein.

Respectfully submitted,

Dated: June 25, 2019                              **SEGAL & ASSOCIATES, PC**

                                            By:   /s/ John T. Kinn
Malcolm Segal
Emily E. Doringer
John T. Kinn
Attorneys for Defendant
JIAHERB, INC.