Cory S. Fein (State Bar No. 250758)
cory@coryfeinlaw.com
Cory Fein Law Firm
712 Main St., Suite 800
Houston TX 77002
Telephone: (281) 254-7717
Facsimile: (530) 748-0601

Attorneys for Relator
Travis Kiro

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. TRAVIS KIRO,<br><br>　　　　　Relator,<br><br>v.<br><br>JIAHERB, INC.,<br><br>　　　　　Defendant. | Case No.: 14-cv-02484-RSWL (PLAx)<br><br>**RELATOR'S REPLY IN SUPPORT OF MOTION IN LIMINE**<br><br>Judge: Hon. Ronald S.W. Lew<br>Courtroom: TBD<br><br>Action Filed: April 2, 2014<br>Trial Date:　 July 9, 2019 |

Relator files this reply in support of his motions in limine and states as follows:

### A.　　**RELATOR HAS NOT ABANDONED ANY CLAIMS**

Jiaherb's Response to Relator's Motions in Limine states that Relator has "abandon[ed] his claim for underpayment of duties and any related

damages." (Dkt. 102 at 2). Jiaherb similarly stated, in its portion of the proposed Final Pretrial Order, that Relator "has abandoned and waived any claim of damages, including any claim of unpaid or underpaid customs duties, in this case." (Dkt. 90-1). There has been no such abandonment, and Jiaherb cites nothing to demonstrate any such abandonment. Relator has simply elected to only seek recovery of civil penalties even though the statute allows for the recovery of civil penalties and treble damages. 31 U.S.C. §3729(a)(1)(G). While the Government has been damaged by Jiaherb's false representations, the amount of damages would be difficult to quantify which is why Relator is focusing on statutory penalties. Notably Jiaherb admitted, in its Memorandum of Contentions of Fact and Law, that it is "unaware of any currently pleaded claims or defenses which have been abandoned." (Dkt. 88 at 11.)

### B. MOTIONS IN LIMINE

**1. MIL1: The Jury Should Not be Advised of the Penalties Imposed by the False Claims Act**

Jiaherb seems to agree with Relator's first motion in limine regarding precluding evidence about the penalties imposed by the False Claims Act, but then "reserves the right to request instructions advising the jury of penalties sought." Relator's motion included legal support for Relator's position that the jury *should not* be advised of the penalties, either in evidence or in jury

instructions. (Dkt. 95-1 at 1-2.) Jiaherb's response fails to refute the argument, and the motion should be granted.

**2. The Court should exclude all reference to the recovery of attorneys' fees and expenses under the FCA.**

Relator's second motion in limine is unopposed and should be granted.

**3. The Court Should Exclude Evidence Regarding Any Purported "Government Knowledge" Defense**

Jiaherb's response to Relator's third motion in limine is confusing. Apparently Jiaherb is stating that it does not plan to argue that the Government knew that Jiaherb was submitting false information in its 7501 Forms. Accordingly, it has no reason to oppose Relator's third motion in limine, which should be granted.

**4. Jiaherb Should Not Be Permitted To Argue Or Introduce Evidence That the Government Has Not Intervened**

Relator's fourth motion in limine is unopposed and should be granted.

**5. Defendants Should Be Precluded From Asserting Equitable Affirmative Defenses**

Jiaherb's response fails to articulate how any of its affirmative defenses related to Relator's actions or inactions could possibly apply to the facts in this case, where Relator seeks to recover on behalf of the Government, rather than for himself. Jiaherb's section of the pretrial order states only the following as evidence in support of its affirmative defenses:

> Persons and entities other than Jiaherb, over whom Jiaherb had no supervision or control and for whose actions and omissions Jiaherb is not legally responsible, caused various reasons for relabeling, including without limitation the seller, warehouse personnel, customers, and others.

(Dkt. 100 at 4; Dkt. 90-1 at 5). This position is legally flawed because an importer has the nondelegable duty to insure its filings with CBP are correct. Jiaherb cannot blame others for the false statements it made to CBP about the products it imported.

First, Jiaherb cannot blame the seller (which in this case, was Jiaherb's parent company). Federal law and regulations impose the duty of accurately informing the United States about imported products on the U.S. importer, not on the foreign seller. *See* 19 USC §1485; 19 CFR § 141.19(a); 19 CFR § 141.86.

Second, Jiaherb cannot blame its customs brokers. Jiaherb's customs brokers at all times acted on behalf of Jiaherb. They informed Jiaherb that Jiaherb was responsible for ensuring all information provided to CBP was correct, and they sent Jiaherb copies of everything they filed on Jiaherb's behalf so Jiaherb could correct any mistakes. (Dkt. 67-3 at ¶¶53-55.)

Third, Jiaherb cannot blame its customers; obviously Jiaherb cannot lie to the United States Government about the products it is importing because its customers asked it to. Jiaherb's customers do not have control over the

representations Jiaherb makes to the Government about the products Jiaherb imports.

Fourth, Jiaherb cannot blame the warehouse personnel who performed the label changes pursuant to Jiaherb's instructions. Jiaherb's warehouses were not involved in Jiaherb's customs filings, and they received the mislabeled products *after* they cleared customs, and they had no involvement in making any representations to CBP. Jiaherb's warehouses removed the incorrect labels and replaced them with accurate labels, pursuant to Jiaherb's directions. They had no involvement in any of the false representations to the Government.

**6. Defendants Should Be Precluded From Introducing Prejudicial And Irrelevant Evidence about Travis Kiro**

Relator's Motion in Limine #6 seeks to preclude character attacks on Relator regarding irrelevant matters, including (1) his job performance; (2) Jiaherb's termination of his employment; (3) allegations that he took Jiaherb customer lists or other documents; (4) his sister's business; and (5) other matters.

Jiaherb opposes this motion because it wishes to introduce evidence of Relator's "bias, lack of credibility, and motive to harm Jiaherb's business." Relator agrees with Jiaherb that Relator's biases, credibility and motivations are all fair game, and Relator is prepared to refute Jiaherb's attacks on these

matters. That said, the Court should not let this case devolve into an adjudication of whether Relator was good at his job, whether Jiaherb had adequate cause for terminating him, whether Kiro took any proprietary information from Jiaherb when he left, or any other extraneous matters. Relator is not asserting a claim for wrongful termination, and Jiaherb has not asserted a counterclaim for theft of trade secrets (or anything else.) These topics are not relevant to bias, motivation or credibility and the Court should not permit Jiaherb to waste time on these issues.

### 7. Jiaherb Should Be Precluded From Introducing Self-Serving Evidence About Its Or Its Employees' Charitable Activities

Relator's Motion in Limine #7 sought to preclude Jiaherb from introducing evidence regarding supposed "good acts," such as charitable contributions or community service, performed by Jiaherb or its employees. Jiaherb's response failed to rebut Relator's legal argument other than citing Federal Rule of Evidence 608, which deals with a "witness's reputation for having a character of truthfulness or untruthfulness", and is not applicable to evidence regarding good acts. Accordingly, this motion should be granted.

Dated: June 26, 2019.

Respectfully submitted,

*/s/ Cory S. Fein*
Cory S. Fein
Cory Fein Law Firm
712 Main St., Suite 800
Houston, TX 77002
(713) 730.5001 (office)
(281) 254.7717 (direct)
(530) 748.0601 (fax)

*Attorney for Relator Travis Kiro*