Malcolm Segal (SBN 075481)
Emily E. Doringer (SBN 208727)
John T. Kinn (SBN 130270)
**SEGAL & ASSOCIATES, PC**
400 Capitol Mall, Suite 2550
Sacramento, CA  95814
Telephone: (916) 441-0886
Facsimile: (916) 475-1231
msegal@segal-pc.com
edoringer@segal-pc.com
jkinn@segal-pc.com

Attorneys for Defendant
JIAHERB, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. TRAVIS KIRO,<br><br>Plaintiff(s),<br><br>v.<br><br>JIAHERB, INC.,<br><br>Defendant. | Case No:  2:14-CV-02484 RSWL (PLAx)<br><br>**DEFENDANT JIAHERB'S INITIAL TRIAL BRIEF**<br><br>Date:  July 9, 2019<br>Time:  9:00 a.m.<br>Judge: Hon. Ronald S.W. Lew<br>Courtroom:  6C<br>Action Filed: April 2, 2014<br>Trial Date: July 9, 2019 |

Pursuant to Local Rule 16-10, Defendant Jiaherb, Inc. respectfully submits this Initial Trial Brief to update and summarize the facts and issues required to be considered and determined in this matter.

**I.     Introduction**

This case arises from a qui tam action brought by Plaintiff-Relator, Travis Kiro, on behalf of himself in the name of the United States Government, as the Government has declined to intervene, for violations of the False Claims Act ("FCA"), 31 U.S.C. 3729 et seq.  Plaintiff filed the Original Complaint on April 2, 2014 and subsequently filed an application for leave to amend, which this Court denied, leaving only the allegations from the Original Complaint.

As the case proceeds to trial, what has become most clear is what this action is not about:  it is not about an alleged double-invoicing scheme; it is not a case involving systematic understating of quantity or value of imports; it is not a case concerning the incorrect declaration of a product's country of origin; and this is not a case that exposes any evidence of an underpayment of customs duties owed.  What this case does involve is a disgruntled former employee and competitor who is attempting to inflict as much harm as possible on his former employer, all while seeking substantial personal gain from any potential recovery on any possible available theory.

Plaintiff's case was apparently heavily based on the assumption that leave to amend would be granted, allowing him to raise the theory that Jiaherb violated the False Claims Act through misstatements regarding its relationship to its parent company.  However, once leave to amend was denied, the lone theory remaining from the Original Complaint alleges that Jiaherb engaged in a single scheme to defraud the United States through the mislabeling of imported products, in order to avoid paying full customs duties owed on those products.  Plaintiff claims that the scheme involved the importation of higher-priced goods that were identified as cheaper products.  The Complaint further alleges that once duties were calculated

and paid on the cheaper products, correct labels were placed on the product packages, resulting in the underpayment of duties. Plaintiff claims that this course of conduct violated the "reverse false claim" provision of the False Claims Act. 31 U.S.C. 3729(a)(1)(G).

## II.      Summary of the Parties' Claims and Defenses

Travis Kiro asserts a single claim against Jiaherb. He alleges that Jiaherb engaged in a scheme to evade payment of appropriate United States import duties in connection with the import of herbal supplements in violation of the federal False Claims Act, 31 U.S.C. 3729 et seq. Specifically, Mr. Kiro alleges that Jiaherb knowingly mislabeled "high-priced" imports as cheaper products; once duties were paid on the imports, the labels would be changed resulting in the underpayment of duties. Mr. Kiro has the burden of proving this claim and each and every element of the claim by a preponderance of evidence.

Jiaherb contends that it did not knowingly make false records nor were its alleged false statements material to an obligation to pay the government. The parties agree that Jiaherb never intentionally falsely identified the product on any label. Jiaherb asserts that labels for imports were occasionally changed for a variety of reasons such as missing or illegible labels, damaged or ripped labels, multiple product names for the same import, incorrect shipper labels, requests from customers, and warehouse issues. Further, Jiaherb alleges that proper duties were paid on its imports. Jiaherb therefore asserts that it did not knowingly make any materially false statements regarding its obligations to pay the government.

To establish liability under this section of the FCA, Plaintiff must prove that defendant "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."

31 U.S.C. 3729(a)(1)((G).  These types of claims are called "reverse false claims." *U.S. ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1056 (9th Cir. 2011).  The FCA's reverse false claims provision "attempts to provide that fraudulently reducing the amount owed to the government constitutes a false claim." Id. (internal quotation marks omitted).

There are no false claims in this case.  Jiaherb did not act with actual knowledge, reckless disregard, or deliberate ignorance.  Plaintiff's claim of a scheme to avoid import duties is not supported by any evidence.  Plaintiff relies on his testimony, because he can find no comfort in the documents.  However, the value of his testimony is questionable, given that Plaintiff was a short-term sales employee with no job responsibilities connected with Jiaherb's import process.  Plaintiff does not have a working knowledge of Jiaherb's imported products, pricing, classifying products, calculating duties, or other import processes or procedures.  His proffered speculative, conclusory, and improper opinions are inadmissible and wholly lack credibility.  The facts do not support Plaintiff's alleged underpayment scheme.

### III. Defendant's Evidence in Opposition to Plaintiff's Claims Will Establish That Jiaherb's Import Process Did Not Violate the False Claims Act.

There is no evidence that Jiaherb knowingly made, or caused to be made, a false record, material to an obligation to pay the government. 31 U.S.C. 3729(a)(1)(G).  The evidence will show that:  (1) Jiaherb did not make or use (or cause to be made or used) a false record or statement in order to get a false or fraudulent claim paid or approved by the Plaintiff governmental agency [Customs and Border Patrol]; and (2) that Jiaherb did not make a false record or statement for the purpose of getting the false or fraudulent claim paid or approved by the Plaintiff governmental agency [Customs and Border Patrol]. 31 USC 3729, et seq.  Mistakes made by those doing business with Jiaherb are in no way material to Jiaherb's duty payments.

During discovery, no witness has described any support for finding a fraudulent scheme meant to deprive the government of full payment of all duties. No witness has specified any particular instance where a known mislabeled import resulted in underpayment of duties. In fact, the records and testimony will show that Plaintiff's factual assertions regarding product values and labeling are vastly incorrect. Any mistakes made are not indicative of a false claim scheme.

Plaintiff's brief employment at Jiaherb provided him with no exposure to or experience with customs processes or procedures, and most certainly did not provide him with experience or knowledge concerning the contents of import documents. Plaintiff's inadmissible speculation and foundationless opinions are not competent evidence of an alleged scheme. Plaintiff admits he has no evidence of Jiaherb placing any false labels on imported goods. The tens of thousands of business and import records produced in this case do not substantiate Plaintiff's broadly speculative claims about the operation of a scheme to undervalue imported products. <u>Plaintiff has yet to demonstrate even one single, specific, valid example of the alleged scheme operating in the manner contended</u>.

**IV.     The Issues and Evidence in This Case Should Be Limited to What is Pled in the Original Complaint.**

On June 10, 2019, this Court denied Relator's Application for Leave to File a First Amended Complaint, in which Relator alleged a new theory of liability based on Jiaherb misrepresenting its relationship to its parent company. (Dkt. 91) In denying Relator's motion, the Court preserved the narrow focus of this case: the single and straightforward allegation that Jiaherb engaged in a scheme to defraud the government by mislabeling high-priced imports as cheaper products in a knowing attempt to avoid paying higher duties to the United States Government.

///

As the trial date nears, it has become apparent through Plaintiff's opposition to Jiaherb's motions *in limine* that Plaintiff still intends to offer evidence of the previously unpled theory of liability in the motion that was denied less than one month ago. Plaintiff should not be permitted to litigate issues or be allowed to proffer evidence unrelated to the Original Complaint. At its core, as the Court has noted, this case is about: whether Defendant knowingly submitted false statements under the FCA (Dkt. 91, 17:12-23); whether Defendant knowingly mislabeled its shipments to avoid duties (Dkt. 91, 2:5-6); and whether or not Jiaherb knowingly mislabeled its imports in a manner that was material to its obligation to pay the government. It is decidedly <u>not</u> a case about inconsistent and inadvertent representations of its relationship with its parent company.

Plaintiff argues that the relationship issue is probative of Jiaherb's alleged deliberate ignorance of the truth or falsity of the information it provided to the CBP and/or reckless disregard of the truth or falsity of that information. However, as this Court and the Government have noted, the allegation that Jiaherb's misrepresentation of its relationship to its parent company violates the False Claims Act is a distinct and separate theory of liability that would require further investigation and discovery to litigate. (Dkt. 91, 13:9-21). Plaintiff cannot be permitted to circumvent the Court's previous order.

## V. **Further Motion *In Limine* and Defense Objections**

Late Friday, June 28, 2019, Plaintiff for the first time sent to the defense a printout from the internet, along with a cryptic email message stating, "We are adding Exhibit 14, attached." The proposed Exhibit 14 was not part of discovery, included in disclosures, or set forth during pretrial, and the defense objects to the introduction of the new document at this late date.

///

///

///

Plaintiff has also proposed jury instructions and voir dire questions which are improper, argumentative, and rely on mischaracterizations of governing authority.  The defense also objects to this information being presented to the jury.

Respectfully submitted,

Dated: July 2, 2019                **SEGAL & ASSOCIATES, PC**

By:   /s/ John T. Kinn_____
      Malcolm Segal
      Emily E. Doringer
      John T. Kinn
      Attorneys for Defendant
      JIAHERB, INC