**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. TRAVIS KIRO )<br><br>                    Plaintiff, )<br><br>    v. )<br><br>JIAHERB, INC., )<br><br>                    Defendant. ) | CV 14-2484-RSWL-PLAx<br><br>**ORDER re: Relator's Motion in Limine 1-7** [95]; **Defendant's Motion in Limine 1-9** [98] |

    Currently before the Court is Relator Travis Kiro's ("Relator") Motion in Limine ("MIL") 1-7 [95]; and Defendant Jiaherb, Inc.'s ("Defendant") MIL 1-9 [98]. Having reviewed all papers submitted pertaining to the Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Relator's MIL #1; **GRANTS** Relator's MIL #2; **DENIES** Relator's MIL #3; **GRANTS** Relator's MIL #4; **DENIES** Relator's MIL #5; **DENIES** Relator's MIL #6;

**GRANTS** Relator's MIL #7; **GRANTS** Defendant's MIL #1; **GRANTS** Defendant's MIL #2; **GRANTS** Defendant's MIL #3; **DENIES** Defendant's MIL #4; **GRANTS** Defendant's MIL #5; **GRANTS** Defendant's MIL #6; **GRANTS** Defendant's MIL #7; **DENIES** Defendant's MIL #8; and **GRANTS** Defendant's MIL #9.

## I. BACKGROUND

This case arises out of a *qui tam* action brought by Relator on behalf of himself in the name of the United States Government ("the Government") for violations of the False Claims Act, 31 U.S.C. § 3729 *et seq*. ("FCA"). Compl., ECF No. 1. The Government declined to intervene [22]. Currently before the Court are Relator's and Defendant's MIL for the forthcoming trial currently set for July 9, 2019. Relator filed seven MIL seeking the Court to:

MIL #1) Preclude Defendant from referring to or advising the jury about penalties under the FCA

MIL #2) Exclude all reference to the recovery of attorneys' fees and expenses under the FCA

MIL #3) Exclude evidence regarding any purported "Government knowledge" defense

MIL #4) Not permit Defendant to argue or introduce evidence that the Government has not intervened

MIL #5) Preclude Defendant from asserting equitable affirmative defenses

MIL #6) Preclude Defendant from introducing prejudicial and irrelevant evidence about Relator

1    MIL #7)  Preclude Defendant from introducing self-
              serving evidence about its or its
2             employees' charitable activities

3    Defendant filed nine MIL seeking the Court to:
4

5    MIL #1)  Not qualify Relator Travis Kiro as an
6             expert witness

7    MIL #2)  Exclude proposed expert testimony from
              Relator Travis Kiro regarding the price of
8             imports, the processes and composition of
              imports, proper duties owed, and customs
9             procedures

10   MIL #3)  Exclude Relator Travis Kiro's proposed
              expert testimony
11
     MIL #4)  Exclude character evidence or testimony
12            regarding alleged prior acts unrelated to
              the payment of customs duties
13
     MIL #5)  Limit evidence and testimony to exclude
14            any continued, unnecessary, harmful
              interference with Defendant's business
15            relationships

16   MIL #6)  Exclude any evidence or testimony implying
              an alleged scheme was more likely because
17            Defendant's parent company is located in
              China
18
     MIL #7)  Limit evidence and testimony to the issues
19            raised by the Complaint

20   MIL #8)  Require properly identified trial exhibits
              and exclude Relator's proposed exhibits to
21            the extent they contain irrelevant,
              immaterial and inadmissible evidence
22
     MIL #9)  Exclude evidence concerning Defendant's
23            finances

24   ///

25   ///

26   ///

27   ///

28   ///

# II. DISCUSSION

## A. Relator's MIL

### 1. Relator's MIL #1 is GRANTED

In Relator's MIL #1, Relator requests that the Court preclude the introduction of any evidence or argument to the jury regarding the FCA's mandatory civil penalties. The FCA provides that any person who violates the Act "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1). Relator is correct that the role of the jury in this case is to determine whether Defendant violated the FCA, and if so, the number of violations. The imposition of penalties are reserved to the Court as a matter of law. See, e.g., Cook County, Ill. v. United States ex rel. Chandler, 123 S. Ct. 1239, 1247 (2003) (citing 31 U.S.C. § 3729(a)) ("But under the FCA, . . . if [the jury] finds liability, its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier, just as the court alone sets any separate penalty."); Brooks v. Cook, 938 F.2d 1048, 1052 (9th Cir. 1991) ("The majority rule is that it is error for a court to instruct a jury that it will subsequently treble any damages the jury awards."). Moreover, permitting the jury to hear evidence regarding statutory treble damages and civil penalties

4

is prejudicial to Defendant and would risk the jury imposing monetary relief beyond actual damages, or on the other hand, lowering actual damages in light of the possibility of added penalties.  As such, the Court **GRANTS** Relator's MIL #1.

　　　2.　Relator's MIL #2 is GRANTED

　　　Relator's MIL #2 similarly seeks to exclude all reference to the recovery of attorneys' fees and expenses under the FCA.  The award of attorneys' fees is a matter of law for the Court, and not the jury to decide.  <u>See</u> <u>Brooks</u>, 938 F.2d at 1051 ("The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees."); <u>see</u> <u>also</u> <u>Redwood Christian Schools v. Cnty. of Alameda</u>, No. C-01-4282 SC, 2007 WL 214317, at *2 (N.D. Cal. Jan. 26, 2007) (granting motion in limine to exclude evidence of availability of attorneys fees, stating "[such] evidence is irrelevant and . . . unfairly prejudicial").  Defendant does not oppose this Motion, and for the same reasons discussed as to Relator's MIL #1, the Court **GRANTS** Relator's MIL #2.

　　　3.　Relator's MIL #3 is DENIED

　　　Relator's MIL #3 requests that the Court exclude evidence regarding any purported "government knowledge" defense at trial because it fails as a matter of law and fact.  Defendant opposes this Motion to the extent that such evidence relates to the question of scienter. One of the elements required to prove a violation of

the FCA requires that the defendant "knowingly" submitted a "false or fraudulent" claim.  31 U.S.C. § 3729.  The FCA defines "knowingly" to mean that a "defendant knew a claim for payment was false, or that it acted with reckless disregard or deliberate indifference as to the truth or falsity of the claim." United States ex rel. Anita Silingo v. WellPoint, Inc., 904 F.3d 667, 680 (9th Cir. 2018).

"The requisite intent is the knowing presentation of what is known to be false.  That the relevant government officials know of the falsity is not in itself a defense."  United States ex rel. Hagood v. Sonoma Cnty. Water Agency, 929 F.2d 1416, 1421 (9th Cir. 1991).  That said, "the government's knowledge of the facts underlying an allegedly false record or statement can negate the scienter required for an FCA violation."  United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 289 (4th Cir. 2002); accord United States ex rel. Burlbaw v. Orenduff, 548 F.3d 931, 951 (10th Cir. 2008) ("The 'government knowledge inference' helps distinguish, in FCA cases, between the submission of a false claim and the knowing submission of a false claim—that is, between the presence and absence of scienter."); Hagood, 929 F.2d at 1421 ("[T]he knowledge possessed by officials of the United States may . . . show that the defendant did not submit its claim in deliberate ignorance or reckless disregard of the truth.").  Thus,

while government knowledge is not in itself a defense, evidence of any government knowledge is relevant to the issue of whether Defendant acted with reckless disregard or deliberate indifference to the truth or falsity of its submissions to CBP. See United States ex. rel. UBI v. IIF Data Solutions, 650 F.3d 445, 452 (4th Cir. 2011) (finding evidence of government knowledge "relevant to the issue of [defendant's] intent" in an FCA action). As such, the Court **DENIES** Relator's MIL #3.[1]

4. Relator's MIL #4 is GRANTED

Relator's MIL #4 seeks that the Court preclude any argument or evidence that the Government has not intervened in this Action. Indeed, such evidence is irrelevant and would be highly prejudicial in that it could allow the jury to draw the inference that Relator's claim is substantively weak. See, e.g., United States ex rel. Ubl v. IIF Data Sols., 650 F.3d 445, 457 (4th Cir. 2011) ("The government's decision not to intervene in an FCA action does not mean that the government believes the claims are without merit . . . and the government's decision not to intervene therefore is not relevant in an FCA action brought by a

_____

[1] Relator goes on to argue that even if the government knowledge issue is relevant to scienter, that Defendant cannot prevail on the facts. However, whether Defendant can put forth sufficient evidence of government knowledge to negate scienter is not an issue to be decided in limine, but rather, an issue for the jury.

private party."); <u>United States ex rel. Feldman v. van Gorp</u>, No. 03 Civ. 8135 (WHP), 2010 WL 2911606, at *2-3 (S.D.N.Y. July 8, 2010) (granting motion in limine to exclude evidence of government's decision not to intervene as irrelevant). Defendant does not oppose this Motion, and in light of the above, the Court **GRANTS** Relator's MIL #4.

    5.   <u>Relator's MIL #5 is DENIED</u>

    Relator's MIL #5 requests that Defendant be precluded from asserting equitable affirmative defenses because as a matter of law, these defenses are unavailable in FCA cases where a relator is seeking to recover on behalf of the United States, rather than himself. Defendant argues that Relator does not specify any such affirmative defense, and only cites one non-FCA case,[2] to argue generally that Defendant should be stripped of any and all equitable affirmative defenses.

    Indeed, Relator did not initially specify any such affirmative defense. According to the FPTC Order, which controls, Defendant plans to pursue two affirmative defenses. <u>See</u> FPTC Order at 4. In his

---

    [2] The only authority Relator relies on is a criminal case, <u>United States v. Sahakian</u>, 453 F.3d 905, 909 (7th Cir. 2006), holding that a district court on a motion in limine "may properly deny a defendant the opportunity to introduce evidence supporting an affirmative defense . . . so long as the facts proffered by the defendant to support the defense are insufficient as a matter of law to meet the minimum standard as to each of the elements of that defense."

Reply, Relator only took issue with the first affirmative defense, stated as follows:

> (a) Relator's claims are barred in whole or in part, because acts or omission of other persons or entities, over whom Defendant Jiaherb had no supervision or control and for whose actions and omissions Defendant Jiaherb has no legal responsibility, caused and/or contributed to the alleged claim.

Id.

Relator argues that this position is legally flawed because Defendant cannot blame others for the false statements it made to CBP about the products it imported. While a defendant "need not be the one who actually submitted the claim forms in order to be liable," a claim cannot survive if it solely alleges false or fraudulent billing . . . with no allegations of [the defendant's] "knowing assistance" or "cooperation". <u>United States v. Mackby</u>, 261 F.3d 821, 827 (9th Cir. 2001).

Relator anticipates that Defendant will argue under this defense that another entity-either the seller, customs brokers, or whomever else-was *solely* responsible for the false representations to the government. If proven true, this defense could serve to negate the scienter requirement. Thus, Defendant's affirmative defense is not legally flawed in itself. Rather, Relator argues that as applied to the facts, Defendant cannot succeed on such a defense. For instance, Relator argues that Defendant cannot blame

its customs brokers because at all times they acted on behalf of Defendant, and informed Defendant that it was responsible for ensuring all information provided to CBP was correct. Relator points to his declaration, as well as the direct language of Defendant's agreement with its customs broker, in which Defendant agreed that "it is required to review all documents and declarations prepared and/or filed with the Customs Service." Declaration of Travis ("Kiro Decl.") ¶ 48, ECF No. 67-8; Rel.'s Stmt. Uncontroverted Fact & L. ¶ 54, Ex. D, ECF No. 67-3.

While such evidence could tend to show that any submissions—at least by customs brokers—should have been reviewed by Defendant, and in turn, Defendant could have had the requisite knowledge of any false claims, it is not the position of the Court, in limine, to weigh the factual evidence of an affirmative defense. See, e.g., C & E Servs., Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[Defendant's] attempt to use a motion *in limine* to preclude claims that they argue lack evidentiary support must fail."). Moreover, the Court is unaware of what evidence and argument Defendant will actually put forth to support this defense. At this stage, Relator's argument is pure conjecture. Rather, at trial, Relator can present evidence to rebut Defendant's position and argue that Defendant knowingly assisted, or acted with reckless disregard/deliberate

ignorance to, the falsity of the claims submitted on
Defendant's behalf.  Thus, the Court will allow
evidence pertaining to this defense and **DENIES**
Relator's MIL #5.

     6.  <u>Relator's MIL #6 is DENIED</u>

     Relator's MIL #6 seeks to preclude Defendant from
introducing prejudicial and irrelevant evidence about
Relator, including (1) his job performance; (2)
Defendant's termination of his employment; (3)
allegations that he took Defendant's customer lists or
other documents; (4) his sister's business; and (5)
other matters.  Defendant argues that Relator's job
performance and related matters are directly relevant
to his background, knowledge, and bias as a testifying
trial witness.  Specifically, Defendant contends that
Relator's "failed performance and resulting
termination," "theft of customer lists or other
documents," competition through his own company and his
"sister's more substantial company," are evidence of
Relator's bias, lack of credibility, and motive to harm
Defendant's business.

     In FCA cases, courts generally exclude "distractive
detours into irrelevant aspects of Relator's personal
life". <u>United States ex rel. Feldman</u>, 2010 WL 2911606,
at *5.  When a relator has no intention of testifying
in trial, his self-serving interest in filing suit is
irrelevant, as it does not affect whether a defendant's
actions were legal or not.  <u>See</u> <u>United States ex rel.</u>

<u>Landis v. Tailwind Sports Corp.</u>, 292 F. Supp. 3d 211, 215 (D.D.C. 2017) (finding it irrelevant whether the relator stands to receive a share of any monetary award in the case when the relator will not be providing testimony in trial).  However, when a relator will testify at trial, as here, a defendant is permitted to "raise to the jury any challenges to [the relator's] credibility."  <u>Ramey v. Dist. 141, Int'l Assoc. Of Machinists & Aerospace Workers</u>, 378 F.3d 269, 283 (2d Cir. 2004).  "[T]he jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."  <u>United States v. Abel</u>, 105 S. Ct. 465, 469 (1984).  Central to this line of questioning is the "motivation of a witness in testifying, including [his] possible self-interest and any bias or prejudice against the defendant."  <u>Henry v. Speckard</u>, 22 F.3d 1209, 1214 (2d Cir. 1994).

Seeing as Relator not only intends to testify, but also intends to call himself as an expert witness, the Court finds the above-referenced evidence admissible as evidence of potential bias and for purposes of impeachment.  <u>See</u>, <u>e.g.</u>, <u>United States ex rel. Miller v. Bill Harbet Int'l Constr., Inc.</u>, No. 95-1231 (RCL), 2007 WL 851868, at *1 (D.D.C. Mar. 14, 2007) ("[T]he fact that relator has a significant financial interest in this litigation is fair game for cross-examination, as it pertains to relator's potential bias."); <u>Udemba</u>

<u>v. Nicoli</u>, 237 F.3d 8, 17 (1st Cir. 2001) ("[B]ias is fertile territory for cross-examination," and because the jury "must assess the credibility of witnesses to determine the accuracy of their testimony . . . information as to bias can be of great assistance in making such determinations."). Accordingly, the Court **DENIES** Relator's MIL #6.[3]

> 7. <u>Relator's MIL #7 is GRANTED</u>

Relator's MIL #7 requests that Defendant be precluded from introducing evidence regarding supposed "good acts," such as charitable contributions or community service performed by Defendant or its employees. The Court agrees and finds that any such evidence of "good acts" is irrelevant to the alleged scheme of whether Defendant knowingly submitted false claims to CBP to receive lower duties. <u>See</u> <u>Niver v. Travelers Indem. Co. Of Illinois</u>, 433 F. Supp. 2d 968, 994-95 (N.D. Iowa 2006) (granting motion in limine to preclude evidence of "good acts" as irrelevant). Defendant only opposes this Motion to the extent such evidence is admissible under the provisions of Fed. R. Evid. 608, but provides no further explanation. As Relator points out, Fed. R. Evid. 608 allows reputation or opinion evidence regarding a witness's truthfulness

---

[3] The Court bases its ruling on the specific facts presented in the MIL. To the extent that evidence at trial of Relator's character is introduced, the Court's ultimate rulings will depend on the facts and circumstances as presented at trial.

or untruthfulness in certain circumstances. Although there is not any specific evidence of "good acts" before the Court now to consider, it does not foresee that any such evidence would be relevant to a witness's propensity to be truthful. Accordingly, the Court **GRANTS** Relator's MIL #7.

## B. **Defendant's MIL**[4]

### 1. Defendant's MIL #1 is GRANTED

Defendant's MIL #1 requests that Relator be excluded from testifying as an expert because Relator is inexperienced, and does not qualify as an expert under Fed. R. Evid. 702. Relator has designated himself as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C).

Under Fed. R. Evid. 702, expert testimony is admissible if it will assist a trier of fact to understand the evidence or determine a fact at issue so long as (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness had applied the principles and methods reliably to the facts of the case. An expert may be qualified either by "knowledge, skill, experience, training, or

---

[4] At the outset of Relator's Opposition to Defendant's MIL, Relator contends that Defendant did not file its MIL by the deadline of June 18, 2019, filing them a day late on June 19, 2019. <u>See</u> Rel.'s Opp'n at 1, ECF No. 103. However, Relator is incorrect as the Court was in receipt of Defendant's MIL in the afternoon of June 18, 2019. <u>See</u> ECF No. 98.

education," and the advisory committee notes emphasize that Rule 702 is "broadly phrased and intended to embrace more than a narrow definition of qualified expert." <u>Thomas v. Newton Intern. Enters.</u>, 42 F.3d 1266, 1270 (9th Cir. 1994). The proponent of an expert bears the burden of establishing the expert's qualification as an expert on the subject of his testimony. <u>United States v. Booth</u>, 669 F.2d 1231, 1239 (9th Cir. 1981).

Whether Relator can be considered an expert depends on what he purports to be an expert in. Relator claims that he has the expertise to testify about product pricing and valuation; the market value of various products and how values differ; the various names of nutraceutical products and whether various names are synonyms or different products; and the details of Defendant's relabeling scheme. As Defendant points out, Relator's statements are entirely conclusory. Relator does not provide a curriculum vitae or any detail as to his education, exact experience, training within the nutraceutical industry, and how it has qualified him to testify as to each topic. Of the fifteen years Relator claims he has worked in the industry, the only position the Court is aware of is Relator's position as an Account Manager for Defendant for a period of seven months from January through July 2012. Kiro Decl. ¶ 10. Defendant argues that Relator's work experience is narrowly limited to

15

perfunctory issues related to marketing and sales, and nothing more. Yet, Relator has not provided detail as to his job duties as an Account Manager. Relator even concedes that there are bounds to his testimony, stating that he will neither testify as to the technical aspects of manufacturing and processing nutraceutical supplements, nor will he testify to statistical analyses or tariff schedules and how products are classified for purposes of determining import duties. Rel.'s Opp'n at 4:1-5.

Relator has not met his burden to show how he is qualified as an expert at this juncture. Until Relator can provide the requisite qualifications, the Court **GRANTS** Defendant's MIL #1. Relator may testify as a lay witness to his relevant work experience and personal observations while working for Defendant.

2. <u>Defendant's MIL #2 is GRANTED</u>

Defendant's MIL #2 similarly seeks to exclude proposed expert testimony from Relator regarding the price of imports, the processes and composition of imports, proper duties owed, and customs procedures, because Defendant argues his testimony is unreliable and irrelevant. For the same reasons discussed as to Defendant's MIL #1, the Court **GRANTS** Defendant's MIL #2.

3. <u>Defendant's MIL #3 is GRANTED</u>

Defendant's MIL #3 requests that the Court exclude Relator's proposed expert testimony because Defendant

16

contends that a jury is capable of understanding the issues without an expert.

The Federal Rules of Evidence permit an expert to provide his opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "If the matter testified to is within the knowledge of jurors," expert testimony is not appropriate. <u>United States v. Christophe</u>, 833 F.2d 1296, 1299 (9th Cir. 1987).

Relator argues that lay jurors will not have knowledge of bulk sales of imported nutraceuticals, and for example, will probably never have heard of 5-HTP, resveratrol, astragalus, rhodiola, garcinia cambogia, panax ginseng, and other products Relator will discuss. Relator contends that the jury will also have no knowledge about the relative prices of these various products, and the differing values between powders and extracts of different concentrations. However, the Court has already found that Relator is not qualified to testify as an expert at this juncture, and thus **GRANTS** Defendant's MIL #3 as it only concerns Relator's proposed expert testimony.

4. <u>Defendant's MIL #4 is DENIED</u>

Defendant's MIL #4 seeks that the Court exclude character evidence or testimony regarding alleged prior acts unrelated to the payment of customs duties.

Defendant specifically refers to the deposition
testimony of Jennifer Solgonick ("Solgonick"), a former
employee of Defendant, in which she made statements
regarding Defendant's "unethical" practices.  The only
specific portion of her deposition Defendant points to
is where Solgonick recalled her belief that Defendant
may have imported mislabeled ginseng products in order
to facilitate a more streamlined import process, but
not as part of any scheme to underpay import duties.

Defendant further argues that Relator's deposition
included a similar reference to efforts to avoid FDA
delays, also irrelevant to the issues in dispute.
Relator argues that Solgonick's testimony regarding the
mislabeling of ginseng is directly relevant to this
Action, and the Court agrees.  Regardless of what
Solgonick believes to be the motivation for any alleged
mislabeling, any testimony surrounding mislabeling to
CBP by Defendant during the relevant time period is
directly relevant to the issues at hand.  Moreover,
nowhere in the portion of Solgonick's deposition cited
does she say that the alleged mislabeling was done to
"streamline" the import process.  See Solgonick Dep.
34:24-36:25, ECF No. 67-6.  The extent of Solgonick's
knowledge and involvement with Defendant goes to the
weight of her testimony, rather than its admissibility.

Defendant does not point to any other specific
evidence.  While the Court finds this particular
evidence from Solgonick's deposition relevant, without

other evidence of prior acts before the Court, it is unable to determine its relevance at this juncture. That said, any evidence or testimony of prior acts unrelated to the alleged scheme that either party seeks to introduce at trial is irrelevant and thus inadmissible.  With this limitation in mind, the Court **DENIES** Defendant's MIL #4.

     5.   <u>Defendant's MIL #5 is GRANTED</u>

     Defendant's MIL #5 requests that the Court limit evidence and testimony to exclude any continued, unnecessary, or harmful interference with Defendant's business relationships.  The nature of this case necessarily involves information regarding Defendant's business practices, but Defendant argues that evidence regarding its customer names and lists should be excluded as both irrelevant and also carrying a risk of harming Defendant's business.

     Relator argues that Defendant's MIL #5 is too vague and fails to specify evidence, and should be denied on that ground alone, but nonetheless agrees that such evidence should not be admitted.  The only specific evidence Defendant points to is Exhibit A to Relator's declaration, in which Relator lists 116 customers by name, who Relator noticed allegedly received relabeled products.  <u>See</u> Kiro Decl., Ex. A at 13-15, ECF No. 67-8.  This list of names is not material to whether, at the time of importing the products through customs, Defendant fraudulently mislabeled the products.  While

the fact that Defendant is alleged to have later sold such products to its customers at higher prices is relevant, the names of its customers is not.  Moreover, Defendant provides that several of its customers have already received communications regarding this Action, and any further dissemination of customer information could harm Defendant's business.  Accordingly, the Court **GRANTS** Defendant's MIL #5 to exclude the list of customer names.  To the extent either party seeks to introduce evidence of client lists in a different context at trial, the Court will be better suited then to determine its admissibility.

6.   <u>Defendant's MIL #6 is GRANTED</u>

Defendant's MIL #6 seeks to preclude any evidence or testimony implying an alleged scheme was more likely because Defendant's parent company is located in China as irrelevant, cumulative, and carries a high risk of undue prejudice.  Relator opposes to the extent that it should be free to discuss that Defendant's parent company is in China, noting that Defendant's purchases and imports from a parent company in China is relevant information, but agrees to not suggest that a fraudulent scheme is more likely as a result.  The Court agrees that Defendant's business with its parent company is relevant in that Defendant imports its products into the United States, but that any further suggestion of wrongdoing based on the parent company's location would be highly prejudicial.  With this

limitation in mind, the Court **GRANTS** Defendant's MIL #6.

    7.   <u>Defendant's MIL #7 is GRANTED</u>

    Defendant's MIL #7 seeks to limit any evidence and testimony to the issues raised by the Complaint. Defendant brings this Motion in an effort to ensure that Relator does not make any reference to the "seller relationship theory" he sought to bring in via a proposed amended complaint, which the Court denied. Relator agrees that he cannot recover for claims that are not alleged in the Complaint, but argues that evidence of 7501 Customs forms misrepresenting Defendant's relationship to the seller, its parent company, is probative evidence of Defendant's deliberate ignorance of the truth or falsity of the information it provided to CBP. The Court is not persuaded by Relator's argument. Whether Defendant had the requisite scienter regarding the representations on the 7501 forms concerning its relationship to the seller is irrelevant to the alleged scheme involving the mislabeling of products as laid out in the Complaint and FPTC Order. Any evidence of the "seller relationship" designations on customs forms would only serve to confuse the jury and prejudice Defendant. As such, the Court **GRANTS** Defendant's MIL #7 and limits any evidence and testimony to the issues as presented in the Complaint and FPTC Order.

///

8.  <u>Defendant's MIL #8 is DENIED</u>

Defendant's MIL #8 seeks that the Court require properly identified trial exhibits and exclude Relator's proposed exhibits to the extent they contain irrelevant, immaterial and inadmissible evidence. Defendant argues that Relator has identified many "undifferentiated masses of previously produced discovery documents" as a single proposed trial exhibit.  Def.'s MIL at 12:16-17.  Defendant argues that by submitting an entire box of documents as an exhibit, it is unclear whether all of the contents constitute admissible evidence.  Relator responds that Defendant's Motion is too vague to be granted as it fails to specifically identify which portion of Relator's trial exhibits it seeks to exclude.  In its Reply, Defendant argues that it could not specify every single portion but that Relator proposes to introduce thousands of pages in his marked Exhibits 44-96, asking the Court to admit boxes of documents in their entirety.

The Court agrees with Defendant and finds it problematic that Exhibits 44-51 each consist of Defendant's document production for imports by year, and that Exhibits 52-96 consist of the "States Logistics Document Production," with each exhibit as a different folder within a box.  <u>See</u> Joint Exhibit List, ECF No. 89.  However without the purported documents before the Court, it is unable to make a determination

at this juncture as to their admissibility and declines
to make a blanket ruling. That said, the Court expects
the parties to work out how to present each exhibit in
a manner that abides by the Federal Rules of Evidence
and Local Rule 26 prior to trial to not delay the
proceedings. As such, the Court **DENIES** Defendant's MIL
#8.

      9.  <u>Defendant's MIL #9 is GRANTED</u>

Defendant's MIL #9 seeks to preclude evidence
concerning Defendant's customer lists, proprietary
information, and its finances, because Defendant argues
they do not bear on any material issues in dispute.

The Court already addressed the customer list issue
with regard to Defendant's MIL # 5, and thus will only
address the arguments regarding Defendant's finances.
Relator argues that evidence related to the volume of
Defendant's imports are relevant because the jury will
have to decide whether Defendant acted in deliberate
ignorance or reckless disregard of the truth or falsity
of that information. Defendant argues that admission
of such evidence would risk undue prejudice because a
perception of Defendant as a large, profitable company,
might result in a jury penalizing Defendant for being
successful. Indeed, any use of Defendant's financial
condition to suggest to the jury that Defendant has
deep pockets and should thus bear liability is
irrelevant to the narrow issue at hand of whether
Defendant knowingly mislabeled its imports to receive

lower duties, and would unfairly prejudice Defendant. As such, the Court prohibits Relator from introducing evidence of Defendant's financial condition for this improper purpose.

Relator provides an example that Defendant's finances could be relevant to scienter, in that the jury may believe that more care should be taken when such large amounts are being imported—for instance, it might not seem reckless for somebody importing $100 worth of products to review import forms, but it might be for someone importing more than $263.3 million, as in here. While the financial condition of Defendant overall is inadmissible, the prices of the alleged mislabeled products at issue, the value of the products as imported, and the subsequent profits derived are relevant to the issues at hand. To the extent Relator seeks to introduce evidence for this purpose, the Court will be better suited at that time to determine its admissibility. As such, the Court **GRANTS** Defendant's MIL #9.

///

///

///

///

///

///

///

///

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Relator's MIL #1; **GRANTS** Relator's MIL #2; **DENIES** Relator's MIL #3; **GRANTS** Relator's MIL #4; **DENIES** Relator's MIL #5; **DENIES** Relator's MIL #6; **GRANTS** Relator's MIL #7; **GRANTS** Defendant's MIL #1; **GRANTS** Defendant's MIL #2; **GRANTS** Defendant's MIL #3; **DENIES** Defendant's MIL #4; **GRANTS** Defendant's MIL #5; **GRANTS** Defendant's MIL #6; **GRANTS** Defendant's MIL #7; **DENIES** Defendant's MIL #8; and **GRANTS** Defendant's MIL #9.

**IT IS SO ORDERED.**

DATED: July <u> 3 </u>, 2019

s/ RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge